B1 (Official Form 1) (4/10)

| United States Bankruptcy Court<br>District of Delaware | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Perkins & Marie Callender's Inc.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**fka The Restaurant Company** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): **62-1254388** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>**6075 Poplar Avenue**<br>**Suite 800**<br>**Memphis, TN**                    ZIP CODE **38119** | Street Address of Joint Debtor (No. and Street, City, and State):<br><br><br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>**Shelby** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br><br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br><br>ZIP CODE |

Location of Principal Assets of Business Debtor (if different from street address above):                    ZIP CODE

| Type of Debtor<br>(Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check one box.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box.) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☒ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities,<br>check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in<br>11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☒ Other | ☐ Chapter 7   ☐ Chapter 15 Petition for<br>☐ Chapter 9        Recognition of a Foreign<br>☒ Chapter 11      Main Proceeding<br>☐ Chapter 12   ☐ Chapter 15 Petition for<br>☐ Chapter 13      Recognition of a Foreign<br>                          Nonmain Proceeding |

| | Tax-Exempt Entity<br>(Check box, if applicable.)<br>☐ Debtor is a tax-exempt organization<br>under Title 26 of the United States<br>Code (the Internal Revenue Code). | Nature of Debts<br>(Check one box.)<br>☐ Debts are primarily consumer   ☒ Debts are primarily<br>debts, defined in 11 U.S.C.          business debts<br>§ 101(8) as "incurred by an<br>individual primarily for a<br>personal, family, or house-<br>hold purpose." |
|---|---|---|

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| ☒ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach<br>signed application for the court's consideration certifying that the debtor is<br>unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must<br>attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☒ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to<br>insiders or affiliates) are less than $2,343,300 (*amount subject to adjustment<br>on 4/01/13 and every three years thereafter*).<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes<br>of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR<br>COURT USE ONLY |
|---|---|
| ☒ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for<br>distribution to unsecured creditors. | |

Estimated Number of Creditors

| ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-<br>5,000 | 5,001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 50,001-<br>100,000 | Over<br>100,000 |

Estimated Assets

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

B1 (Official Form 1) (4/10)                                                                                                    Page 2

| **Voluntary Petition**<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>**Perkins & Marie Callender's Inc.** |
|---|---|

| **Prior Bankruptcy Case Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
|---|---|---|
| Location<br>Where Filed: **None** | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
|---|---|---|
| Name of Debtor:<br>**See Attached Schedule 1** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A**<br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☒ Exhibit A is attached and made a part of this petition. | **Exhibit B**<br>(To be completed if debtor is an individual whose debts are primarily consumer debts.)<br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X _____<br>Signature of Attorney for Debtor(s)                    (Date) |
|---|---|

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.
☒ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| B1 (Official Form) 1 (4/10) | Page 3 |
|---|---|
| **Voluntary Petition**<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>**Perkins & Marie Callender's Inc.** |

**Signatures**

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br><br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br><br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>  Signature of Debtor<br><br>X _____<br>  Signature of Joint Debtor<br><br>_____<br>Telephone Number (if not represented by attorney)<br><br>_____<br>Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only **one** box.)<br><br>☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.<br><br>X _____<br>  (Signature of Foreign Representative)<br><br>_____<br>(Printed Name of Foreign Representative)<br><br>_____<br>Date |
| **Signature of Attorney***<br><br>X  /s/ Robert S. Brady<br>_____<br>  Signature of Attorney for Debtor(s)<br><br>**Robert S. Brady (No. 2847)**<br>**Young Conaway Stargatt & Taylor, LLP**<br>**The Brandywine Building, 1000 West Street, 17th Floor**<br>**Wilmington, DE 19801**<br>**Telephone: (302) 571-6600    Facsimile: (302) 571-1253**<br><br>**Mitchel H. Perkiel**<br>**Troutman Sanders LLP**<br>**The Chrysler Building, 405 Lexington Avenue**<br>**New York, NY 10174-0700**<br>**Telephone: (212) 704-6000    Facsimile: (212) 704-6288**<br><br>**June 13, 2011**<br>_____<br>Date<br><br>*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | **Signature of Non-Attorney Bankruptcy Petition Preparer**<br><br>I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.<br><br>_____<br>Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>_____<br>Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)<br><br>_____<br>Address<br><br>X _____<br><br>_____<br>Date |
| **Signature of Debtor (Corporation/Partnership)**<br><br>I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _~signature~_____<br>  Signature of Authorized Individual<br>**Joseph F. Trungale**<br>Printed Name of Authorized Individual<br>**President & CEO**<br>Title of Authorized Individual<br>**June 13, 2011**<br>Date | Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.<br><br>Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |

## SCHEDULE 1

Including the debtor in this chapter 11 case (re-listed below), the following other affiliated debtors simultaneously have filed voluntary chapter 11 petitions in this Court. Contemporaneously with the filing of these petitions, the debtors have filed a motion requesting that their chapter 11 cases be consolidated for procedural purposes only and jointly administered under the case number assigned to the chapter 11 case of Perkins & Marie Callender's Inc.

Perkins & Marie Callender's Inc.
Perkins & Marie Callender's Holding Inc.
Perkins & Marie Callender's Realty LLC
Perkins Finance Corp.
Wilshire Restaurant Group LLC
PMCI Promotions LLC
Marie Callender Pie Shops, Inc.
Marie Callender Wholesalers, Inc.
MACAL Investors, Inc.
MCID, Inc.
Wilshire Beverage, Inc.
FIV Corp.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| PERKINS & MARIE CALLENDER'S INC.,[1] et al., | Case No. 11-_____ (___) |
| Debtors. | Joint Administration Pending |

## EXHIBIT "A" TO VOLUNTARY PETITION OF PERKINS & MARIE CALLENDER'S INC.[2]

1.      Perkins & Marie Callender's Inc. has no securities registered under Section 12 of the Securities and Exchange Act of 1934.  Prior to the filing of the petition, it voluntarily filed reports with the Securities and Exchange Commission under SEC file number 333-131004, the filing number of its latest filed registration statement filed under the Securities Act of 1933, as amended.

2.      The following financial data (which is consolidated among all the Debtors) is the latest available unaudited information on the Debtors' condition as of October 3, 2010.[3]

(In thousands)

| | | |
|---|---|---|
| a. | Total assets | $289,998 |
| b. | Total debts (including debts listed in 2.c., below) | $440,824 |

c.      None of the Debtors' debt obligations are held by more than 500 record holders.

d.      As of June 1, 2011, Perkins & Marie Callender's Inc. has 10,820 shares of common stock issued and outstanding.

---

[1]      The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Perkins & Marie Callender's Inc. (4388); Perkins & Marie Callender's Holding Inc. (3999); Perkins & Marie Callender's Realty LLC (N/A); Perkins Finance Corp. (0081); Wilshire Restaurant Group LLC (0938); PMCI Promotions LLC (7308); Marie Callender Pie Shops, Inc. (7414); Marie Callender Wholesalers, Inc. (1978); MACAL Investors, Inc. (4225); MCID, Inc. (2015); Wilshire Beverage, Inc. (5887); and FIV Corp. (3448).  The mailing address for the Debtors is 6075 Poplar Avenue, Suite 800, Memphis, TN 38119.

[2] The following financial data shall not constitute an admission of liability by the Debtors. The Debtors reserve all rights to assert that any debt or claim listed herein as liquidated or fixed is, in fact, a disputed claim or debt. The Debtors also reserve all rights to challenge the priority, nature, amount or status of any claim or debt.

[3] Information contained herein is as reported on Perkin & Marie Callender's Inc.'s 10-Q filed on November 17, 2010.

3.      The following persons directly or indirectly own, control, or hold, with power to vote, 5% or more of the voting securities of Perkins & Marie Callender's Inc.:

**Perkin & Marie Callender's Inc.**
**5% Shareholders**

| Shareholder Name[i] | Number of Shares |
|---|---|
| Castle Harlan Partners III, L.P. | |
| Castle Harlan Partners IV, L.P. | |
| P&MC's Holding LLC | |
| P&MC's Holding Corp. | |
| Perkins & Marie Callender's Holding, Inc. | 10,820 |

---

[i] Subsidiaries of subsidiaries are indented

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| PERKINS & MARIE CALLENDER'S INC.,[1] et al., | Case No. 11-_____ (___) |
| Debtors. | Joint Administration Pending |

## CONSOLIDATED LIST OF CREDITORS
## HOLDING FORTY (40) LARGEST UNSECURED CLAIMS

   Perkins & Marie Callender's Inc., a Delaware corporation, and certain of its direct and indirect affiliates and subsidiaries, the debtors and debtors in possession in the above captioned cases (collectively, the "Debtors"), have filed with the Clerk of this Court voluntary petitions  for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, et seq. This list of creditors holding the forty (40) largest unsecured claims (the "40 Largest List") has been prepared on a consolidated basis, from the Debtors' books and records as of June 10, 2011. The 40 Largest List was prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure for filing in the Debtors' chapter 11 cases. The 40 Largest List does not include: (1) persons who come within the definition of an "insider" set forth in 11 U.S.C. § 101(31); or (2) secured creditors. The information presented in the 40 Largest List shall not constitute an admission by, nor is it binding on, the Debtors. The information presented herein does not constitute a waiver of the Debtors' rights to contest the validity, priority, nature, characterization and/or amount of any claim.

---

[1]   The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Perkins & Marie Callender's Inc. (4388); Perkins & Marie Callender's Holding Inc. (3999); Perkins & Marie Callender's Realty LLC (N/A); Perkins Finance Corp. (0081); Wilshire Restaurant Group LLC (0938); PMCI Promotions LLC (7308); Marie Callender Pie Shops, Inc. (7414); Marie Callender Wholesalers, Inc. (1978); MACAL Investors, Inc. (4225); MCID, Inc. (2015); Wilshire Beverage, Inc. (5887); and FIV Corp. (3448).  The mailing address for the Debtors is 6075 Poplar Avenue, Suite 800, Memphis, TN 38119.

**United States Bankruptcy Court
District of Delaware**

IN RE:               Case No._____

PERKINS & MARIE CALLENDER'S INC.,[1] et al,    Chapter 11_____

        Debtor(s)

## CONSOLIDATED LIST OF CREDITORS HOLDING 40 LARGEST UNSECURED CLAIMS

Following is the list of the debtors' creditors holding the 40 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 40 largest unsecured claims. If a minor child is one of the creditors holding the 40 largest unsecured claims, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| (1) Name of creditor and complete mailing address including zip code | (2) Name, telephone number and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government contract, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed or subject to setoff | (5) Amount of claim (if secured also state value of security) |
|---|---|---|---|---|
| The Bank of New York Mellon Trust Company, N.A., as Indenture Trustee, successor to The Bank of New York 101 Barclay Street New York, NY 10286 | John Guiliano Telephone: (212) 815-5441 Fax: (732) 667-9239 | Senior Notes, due 2013 | | 190,000,000.00 Principal plus accrued and unpaid interest |
| Gibson Dunn & Crutcher LLP Dept. 0723 Los Angeles, CA 90084-0723 | Michele Maryott Telephone: (949) 451-3945 Fax: (949) 451-4220 | Services Rendered | | 546,108.94 |
| Freshpoint 155 N. Orange Avenue City of Industry, CA 91744 | Jeff Ronk Telephone: (626) 855-1400 Fax: (626) 609-3536 | Trade Claim | | 480,035.02 |
| US Food Service Inc. 2864 Eagendale Blvd. Eagen, MN 55121 | Anne Cairncross Telephone: (763) 383-7867 Fax: (408) 245-1104 | Trade Claim | | 385,704.26 |
| Micros Systems Inc. P.O. Box 23747 Baltimore, MD 21203-5747 | Cindy Rivers Telephone: (443) 285-6711 Fax: (208) 575-1912 | Trade Claim | | 267,856.37 |
| Schulte Roth & Zabel LLP 919 Third Avenue New York, NY 10022 | Robert Goldstein Telephone: (212) 756-2000 Fax: (212) 593-5955 | Services Rendered | | 217,216.47 |
| Omega Trust Attn: Brian Schwein 250 Lake Drive East Chanhassen, MN 55317 | Paul Kirwin Telephone: (952) 294-5291 Fax: (952) 294-5191 | Trade Claim | | 132,169.09 |
| Kendall Frozen Fruits, inc. 9777 Wilshire Blvd. #818 Beverly Hills, CA 90212-1908 | Susan Kendall Telephone: (310) 288-9920 Fax: (310) 288-9913 | Trade Claim | | 129,510.15 |
| SYSCO P.O. Box 27638 Salt Lake City, UT 84127-0638 | Alicia Kestelroot Telephone: (801) 563-6378 Fax: (801) 563-6597 | Trade Claim | | 125,971.15 |
| KABC-TV File #53525 Los Angeles, CA 90074 | Paul Fletcher Telephone: (972) 419-2305 Fax: (972) 392-0832 | Trade Claim | | 98,430.00 |

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Perkins & Marie Callender's Inc. (4388); Perkins & Marie Callender's Holding Inc. (3999); Perkins & Marie Callender's Realty LLC (N/A); Perkins Finance Corp. (0081); Wilshire Restaurant Group LLC (0938); PMCI Promotions LLC (7308); Marie Callender Pie Shops, Inc. (7414); Marie Callender Wholesalers, Inc. (1978); MACAL Investors, Inc. (4225); MCID, Inc. (2015); Wilshire Beverage, Inc. (5887); and FIV Corp. (3448). The mailing address for the Debtors is 6075 Poplar Avenue, Suite 800, Memphis, TN 38119.

| (1)<br>Name of creditor and complete mailing address including zip code | (2)<br>Name, telephone number and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted | (3)<br>Nature of claim (trade debt, bank loan, government contract, etc.) | (4)<br>Indicate if claim is contingent, unliquidated, disputed or subject to setoff | (5)<br>Amount of claim (if secured also state value of security) |
|---|---|---|---|---|
| Juana's Packing Co.<br>14786 Winans St.<br>West Olive, MI 49460 | Lee Erickson<br>Telephone: (616) 842-3916<br>Fax: (616) 842-8357 | Trade Claim | | 93,429.00 |
| KTTV<br>Fox Television Stations<br>1999 South Bundy Drive<br>Los Angeles, CA 90025-5235 | Mark Sriro<br>Telephone: (310) 584-2000<br>Fax: (310) 584-2216 | Trade Claim | | 93,160.00 |
| Mid Valley Nut Co. Inc.<br>P.O. Box 987<br>Hughson, CA 95326 | Gwen Bilek<br>Telephone: (630)789-9981<br>Fax: (630) 789-9982 | Trade Claim | | 76,438.20 |
| Ballas Egg Product Corp.<br>P.O. Box 663881<br>Indianapolis, IN 46266 | Craig Ballas<br>Telephone: (740) 453-0386<br>Fax: (740) 453-0491 | Trade Claim | | 72,287.05 |
| Engauge Total<br>375 North Front Street<br>Suite 400<br>Columbus, OH 43215 | Nick Bandy<br>Telephone: (614) 573-1010<br>Fax: (614) 573-1553 | Trade Claim | | 65,992.87 |
| H. Nagel & Son Co. Inc.<br>2428 Central Parkway<br>Cincinnati, OH 45214 | Mike Norris<br>Telephone: (513) 665-4550<br>Fax: (513) 665-4570 | Trade Claim | | 65,125.26 |
| Toof Commercial Printing<br>P.O. Box 140539<br>Memphis, TN 38114 | Andy Overton<br>Telephone: (901) 274-3632<br>Fax: (901) 274-6191 | Trade Claim | | 62,061.03 |
| News America Mktg. FSI, Inc.<br>P.O. Box 7247-6168<br>Philadelphia, PA 19170-6168 | Dominic Soria<br>Telephone: (310) 407-2524<br>Fax: (310) 785-0862 | Trade Claim | | 56,929.36 |
| Bimbo Bakeries USA, Inc.<br>File 52176<br>Los Angeles, CA 90074 | Jim Stone<br>Telephone: (310) 727-3221<br>Fax: (310) 536-0227 | Trade Claim | | 55,180.73 |
| Aires<br>2000 Cliff Mine Road Park West Two<br>6th Floor<br>Pittsburgh, PA 15275 | Stephen Reed<br>Telephone: (800) 245-1176<br>Fax: (412) 788-6500 | Trade Claim | | 51,798.00 |
| General Mills, Inc.<br>P.O. Box 120845<br>Dallas, TX 75312 | Dan Hilton<br>Telephone: (714) 814-0422<br>Fax: (951) 737-0906 | Trade Claim | | 51,077.18 |
| Next Day Gourmet<br>5353 Nathan Lane<br>Plymouth, MN 55442 | Marc Karos<br>Telephone: (763) 268-1284<br>Fax: (866) 215-1029 | Trade Claim | | 49,840.20 |
| Sweetner Supply Corp.<br>P.O. Box 848<br>Aurora, IL 60507-0848 | Dan Riesenberg<br>Telephone: (513) 232-8700<br>Fax: (513) 232-8799 | Trade Claim | | 47,275.70 |
| Duck Delivery Produce<br>8448 NE 33rd Drive, Suite 120<br>Portland, OR 97211-2163 | Derek Delandro<br>Telephone: (800) 452-2481<br>Fax: (503) 288-0400 | Trade Claim | | 41,905.62 |
| Shoes for Crews LLC<br>250 South Australian Avenue<br>West Palm Beach, FL 33401 | Mary Lance, VP Operations<br>Telephone: (800) 523-4448 ext. 5102<br>Fax: (888) 647-4637 | Trade Claim | | 38,776.87 |
| Ecolab Pest Elim. Div.<br>P.O. Box 6007<br>Grand Forks, ND 58206-6007 | Richard Hopfer<br>Telephone: (800) 325-1671<br>Fax: (701) 775-0340 | Trade Claim | | 38,399.09 |
| Merchants Cold Storage<br>P.O. Box 706022<br>Cincinnati, OH 45270-6022 | John Wales<br>Telephone: (859) 485-4474<br>Fax: (859) 485-4475 | Trade Claim | | 37,084.58 |

2

| (1)<br>Name of creditor and complete mailing address including zip code | (2)<br>Name, telephone number and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted | (3)<br>Nature of claim (trade debt, bank loan, government contract, etc.) | (4)<br>Indicate if claim is contingent, unliquidated, disputed or subject to setoff | (5)<br>Amount of claim (if secured also state value of security) |
|---|---|---|---|---|
| Heilbrice<br>9840 Irvine Center Drive<br>Irvine, CA  92618 | Jeff Morris<br>Telephone: (949) 336-8800<br>Fax: (949) 336-8819 | Trade Claim | | 35,000.00 |
| Loders Croklaan USA<br>P.O. Box 751594<br>Charlotte, NC  28275-1594 | Donna Bell<br>Telephone: (815) 730-5200<br>Fax: (815) 730-5202 | Trade Claim | | 33,691.75 |
| Wawona Frozen Foods<br>P.O. Box 49330<br>San Jose, CA  95161-9330 | Susan Kendall<br>Telephone: (559) 299-2901<br>Fax: (559) 299-1921 | Trade Claim | | 32,660.00 |
| Tri State Cakes<br>3400 S Duluth<br>Sioux Falls, SD 57105 | Alvin D. Kuper<br>Telephone: (605) 338-1310 | Trade Claim | | 32,568.19 |
| R.W. Smith & Company<br>P.O. Box 51847<br>Los Angeles, CA  90051-6147 | Ken Foster<br>Telephone: (858) 527-6220<br>Fax: (858) 530-1800 | Trade Claim | | 31,729.68 |
| EFM Group<br>118 West Julie Drive<br>Tempe, AZ  85283 | Del Crone<br>Telephone: (602) 256-2500<br>Fax: (602) 256-6500 | Trade Claim | | 31,293.14 |
| Roger's Poultry Co.<br>5050 S. Santa Fe Avenue<br>Vernon, CA 90058 | Karla Santiago<br>Telephone: (800) 585-0802<br>Fax: (323) 585-0195 | Trade Claim | | 25,118.07 |
| Moody's Investors Service Inc.<br>P.O. Box 102597<br>Atlanta, GA  30368-0597 | Matt Maidhoff<br>Telephone: (212) 553-7879<br>Fax: (212) 298-6631 | Trade Claim | | 25,000.00 |
| Talx Corporation<br>3065 Paysphere Circle<br>Chicago, IL 60674 | Kelly Brechman<br>Telephone: (314) 684-2176<br>Fax: (314) 983-3934 | Trade Claim | | 24,743.78 |
| Trustaff Personnel Services<br>4270 Glendale-Milford Road<br>Cincinnati, OH 45242 | Lynn Dorn<br>Telephone: (513) 824-6942<br>Fax: (888) 897-9197 | Trade Claim | | 24,634.52 |
| Skidmore Sales & Distrib. Inc<br>3767 Solutions Center<br>Chicago, IL 60677-3007 | Karen Dewitt<br>Telephone: (513) 509-4227<br>Fax: (513) 575-3829 | Trade Claim | | 24,510.34 |
| Fleischmann's Yeast Inc<br>4776 Collections Center Drive<br>Chicago, IL 60693 | Erica Pashia<br>Telephone: (314) 392-0885<br>Fax: (314) 392-0810 | Trade Claim | | 24,500.00 |
| Cremes Unlimited Inc<br>39633 Treasury Center<br>Chicago, IL 60694 | John Evans<br>Telephone: (800) 227-3637<br>Fax: (708) 748-4985 | Trade Claim | | 24,134.48 |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, Joseph F. Trungale, President and Chief Executive Officer of Perkins & Marie Callender's Inc., a Delaware corporation, and an entity named as a debtor in these chapter 11 cases, declare under penalty of perjury that I have read the foregoing list and that it is true and correct to the best of my information and belief.

Date:   June 13, 2011                        Signature:  _[signature]_

Joseph F. Trungale, President & Chief Executive Officer

(Print Name and Title)

3

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| PERKINS & MARIE CALLENDER'S INC.,[1] et al., | Case No. 11-_____ (___) |
| Debtors. | Joint Administration Pending |

## DECLARATION CONCERNING THE DEBTORS' CONSOLIDATED LIST OF
## CREDITORS HOLDING THE FORTY (40) LARGEST UNSECURED CLAIMS

       I, Joseph F. Trungale, President and Chief Executive Officer of Perkins & Marie Callender's Inc., a Delaware corporation, and an entity named as a debtor in these chapter 11 cases, declare under penalty of perjury under the laws of the United States of America that I have reviewed the foregoing "Consolidated List of Creditors Holding The Forty (40) Largest Unsecured Claims" submitted herewith and that the information contained therein is true and correct to the best of my knowledge, information and belief.

Date: June 13, 2011

 

                                                _____

                                              Joseph F. Trungale
                                              President and Chief Executive Officer

---

[1]     The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Perkins & Marie Callender's Inc. (4388); Perkins & Marie Callender's Holding Inc. (3999); Perkins & Marie Callender's Realty LLC (N/A); Perkins Finance Corp. (0081); Wilshire Restaurant Group LLC (0938); PMCI Promotions LLC (7308); Marie Callender Pie Shops, Inc. (7414); Marie Callender Wholesalers, Inc. (1978); MACAL Investors, Inc. (4225); MCID, Inc. (2015); Wilshire Beverage, Inc. (5887); and FIV Corp. (3448). The mailing address for the Debtors is 6075 Poplar Avenue, Suite 800, Memphis, TN 38119.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| PERKINS & MARIE CALLENDER'S INC.,[1] et al., | Case No. 11-_____ (___) |
| Debtors. | (Joint Administration Pending) |

## DEBTORS' OWNERSHIP STATEMENT PURSUANT TO RULES 1007(a)(1), 1007(a)(3) AND 7007.1 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

Pursuant to Rules 1007(a)(1), 1007(a)(3) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the above-captioned debtors and debtors in possession (each, a "Debtor", and collectively, the "Debtors") state as follows:

1.      The outstanding interests of Debtor Wilshire Beverage, Inc., Debtor Marie Callender Wholesalers, Inc., Debtor MCID, Inc., Debtor FIV Corp., and Debtor MACAL Investors, Inc. are each 100% owned by Debtor Marie Callender Pie Shops, Inc;

2.      The outstanding interests of Debtor Marie Callender Pie Shops, Inc. is 100% owned by Debtor Wilshire Restaurant Group LLC;

3.      The outstanding interests of Debtor Wilshire Restaurant Group LLC, Debtor Perkins & Marie Callender's Realty LLC, Debtor Perkins Finance Corp., and Debtor PMCI Promotions LLC are each 100% owned by Debtor Perkins & Marie Callender's Inc.;

4.      The outstanding interests of Debtor Perkins & Marie Callender's Inc. is 100% owned by Debtor Perkins & Marie Callender's Holding Inc.; and

---

[1]      The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Perkins & Marie Callender's Inc. (4388); Perkins & Marie Callender's Holding Inc. (3999); Perkins & Marie Callender's Realty LLC (N/A); Perkins Finance Corp. (0081); Wilshire Restaurant Group LLC (0938); PMCI Promotions LLC (7308); Marie Callender Pie Shops, Inc. (7414); Marie Callender Wholesalers, Inc. (1978); MACAL Investors, Inc. (4225); MCID, Inc. (2015); Wilshire Beverage, Inc. (5887); and FIV Corp. (3448). The mailing address for the Debtors is 6075 Poplar Avenue, Suite 800, Memphis, TN 38119.

5.      The outstanding interests of Debtor Perkins & Marie Callender's Holding Inc. is 100% owned by P&MC's Holding Corp.

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| PERKINS & MARIE CALLENDER'S INC.,[1] et al., | Case No. 11-_____ (___) |
| Debtors. | (Joint Administration Pending) |

### DECLARATION CONCERNING DEBTORS' OWNERSHIP STATEMENT PURSUANT TO RULES 1007(a)(1), 1007(a)(3) AND 7007.1 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

I, Joseph F. Trungale, President and Chief Executive Officer of Perkins & Marie Callender's Inc., a Delaware corporation, and an entity named as a debtor in these chapter 11 cases, declare under penalty of perjury under the laws of the United States of America that I have reviewed the foregoing Debtors' Ownership Statement Pursuant to Rules 1007(a)(1), 1007(a)(3) and 7007.1 of the Federal Rules of Bankruptcy Procedure and that the information contained therein is true and correct to the best of my knowledge, information and belief.

Date: June 13, 2011

                                                    _____
                                                    Joseph F. Trungale
                                                    President and Chief Executive Officer

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Perkins & Marie Callender's Inc. (4388); Perkins & Marie Callender's Holding Inc. (3999); Perkins & Marie Callender's Realty LLC (N/A); Perkins Finance Corp. (0081); Wilshire Restaurant Group LLC (0938); PMCI Promotions LLC (7308); Marie Callender Pie Shops, Inc. (7414); Marie Callender Wholesalers, Inc. (1978); MACAL Investors, Inc. (4225); MCID, Inc. (2015); Wilshire Beverage, Inc. (5887); and FIV Corp. (3448). The mailing address for the Debtors is 6075 Poplar Avenue, Suite 800, Memphis, TN 38119.

WRITTEN CONSENT
OF THE SOLE DIRECTOR
OF
PERKINS & MARIE CALLENDER'S INC.

The undersigned, being the sole director of Perkins & Marie Callender's Inc., a Delaware corporation (the "Company"), does hereby consent to the adoption of the following resolutions by written consent, without a meeting of the Board of Directors of the Company, pursuant to Section 141(f) of the Delaware General Corporation Law:

WHEREAS, (i) Perkins & Marie Callender's Holding Inc., a Delaware corporation, (ii) Perkins & Marie Callender's Inc., a Delaware corporation, (iii) Perkins & Marie Callender's Realty LLC, a Delaware limited liability company, (iv) Perkins Finance Corp., a Delaware corporation, (v) Wilshire Restaurant Group LLC, a Delaware limited liability company, (vi) PMCI Promotions LLC, a Colorado limited liability company, (vii) Marie Callender Pie Shops, Inc., a California corporation, (viii) Wilshire Beverage, Inc., a Texas corporation, (ix) Marie Callender Wholesalers, Inc., a California corporation, (x) MCID, Inc., an Idaho corporation, (xi) FIV Corp., a Delaware corporation, and (xii) MACAL Investors, Inc., a California corporation (the foregoing twelve entities, excluding the Company, collectively, the "Affiliated Companies"), are engaged directly or indirectly, and collectively, in the integrated business of owning and operating and franchising family restaurants primarily under the *Perkins Restaurant & Bakery* and *Marie Callender's Restaurant & Bakery* brands, and businesses ancillary thereto; and

WHEREAS, the Board of Directors of the Company (the "Board of Directors") has reviewed the materials presented by the management of, and the advisors to, the Company and the Affiliated Companies with respect to the liabilities, cash flows, and liquidity of the Company and the Affiliated Companies, the strategic alternatives available to them, and the impact of the foregoing on the businesses, employee, and vendor and other creditor constituencies of the Company and the Affiliated Companies; and

WHEREAS, the Board of Directors has had the opportunity to consult with and has consulted with such management and advisors and has fully considered each of the strategic alternatives available to the Company and the Affiliated Companies; and

WHEREAS, in connection with such consideration, such management and advisors, at the request of the Board of Directors, has sought debtor-in-possession financing from a number of potential lenders, including the incumbent credit facility provider, and has determined that the DIP Credit Facility (as defined below) represents, under the circumstances, the best available debtor-in-possession financing;

NOW, THEREFORE, BE IT HEREBY:

RESOLVED, that, in the judgment of the Board of Directors, it is desirable and in the best interests of the Company, its creditors and other parties in interest, that the Company file or cause to be filed a voluntary petition for relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), with the Company's bankruptcy proceedings thereunder being referred to in these Resolutions as the Company's "Chapter 11 Case"; and be it further

RESOLVED, that the officers of the Company (collectively, the "Authorized Officers") be, and each of them hereby is, authorized and empowered, in the name and on behalf of the Company, to execute and file all petitions, schedules, lists and other motions, pleadings, exhibits, papers or documents, and to take any and all other action as the Authorized Officer(s) so acting may approve as necessary or appropriate to obtain such relief (including, among other things, any and all action necessary to endeavor to maintain the ordinary course operation of the Company's business), with the taking of such action to be conclusive evidence of such approval; and be it further

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized and directed to employ the law firm of Troutman Sanders LLP as bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including, among other things, the filing of any motions, pleadings, papers or documents in furtherance thereof; and, in connection therewith, the Authorized Officers be, and each of them hereby is, authorized and directed to execute an appropriate retention agreement with such firm, in such form as the Authorized Officer(s) so acting may approve as necessary or appropriate and with the taking of such action to be conclusive evidence of such approval; and, in connection therewith, the Authorized Officers be, and each of them hereby is, authorized and directed to pay appropriate retainers prior to the filing of the Chapter 11

-2-

Case, and cause to be filed an appropriate application for authority to retain the services of such firm; and be it further

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized and directed to employ the law firm of Young Conaway Stargatt & Taylor, LLP as local bankruptcy and conflicts counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including, among other things, the filing of any motions, pleadings, papers or documents in furtherance thereof; and, in connection therewith, the Authorized Officers be, and each of them hereby is, authorized and directed to execute an appropriate retention agreement with such firm, in such form as the Authorized Officer(s) so acting may approve as necessary or appropriate and with the taking of such action to be conclusive evidence of such approval; and, in connection therewith, the Authorized Officers be, and each of them hereby is, authorized and directed to pay appropriate retainers prior to the filing of the Chapter 11 Case, and cause to be filed an appropriate application for authority to retain the services of such firm; and be it further

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized and directed to employ Whitby, Santarlasci & Company as financial advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and, in connection therewith, the Authorized Officers be, and each of them hereby is, authorized and directed to execute an appropriate retention agreement with such firm, in such form as the Authorized Officer(s) so acting may approve as necessary or appropriate and with the taking of such action to be conclusive evidence of such approval; and, in connection therewith, the Authorized Officers be, and each of them hereby is, authorized and directed to pay appropriate retainers prior to the filing of the Chapter 11 Case, and cause to be filed an appropriate application for authority to retain the services of such firm; and be it further

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized and directed to employ Omni Management Group as and for its notice, claims and balloting agent to serve and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and, in connection therewith, the Authorized Officers be, and each of them hereby is, authorized and directed to execute an appropriate retention agreement with such firm, in such form as the Authorized Officer(s) so acting may approve as necessary or appropriate and with the taking of such action to be conclusive evidence of such approval; and, in connection

-3-

therewith, the Authorized Officers be, and each of them hereby is, authorized and directed to pay appropriate retainers prior to the filing of the Chapter 11 Case, and cause to be filed an appropriate application for authority to retain the services of such firm; and be it further

RESOLVED, in reference to (i) that certain Senior Secured, Super-Priority Debtor-in-Possession Credit Agreement (as executed and delivered as provided in these Resolutions, the "DIP Credit Agreement") proposed to be entered into by the Company and Perkins & Marie Callender's Holding Inc., with Wells Fargo Capital Finance LLC, as arranger and administrative agent (the "DIP Agent"), and each of the lenders from time to time party thereto, (ii) that certain General Continuing Guaranty (as executed and delivered as provided in these Resolutions, the "DIP Guaranty") proposed to be entered into by the Affiliated Companies, and (iii) that certain Security Agreement (as executed and delivered as provided in these Resolutions, the "DIP Security Agreement") proposed to be entered into by the Company and each of the Affiliated Companies with the DIP Agent, and pursuant to which DIP Credit Agreement, DIP Guaranty and DIP Security Agreement, and any and all other security documents, intercompany subordination agreements and other agreements, documents, instruments, certificates and notices contemplated thereby which may be executed and delivered thereunder (collectively with the DIP Credit Agreement, DIP Guaranty and DIP Security Agreement, the "DIP Credit Documents"), and subject to such interim financing orders and final financing orders as may be entered by the Bankruptcy Court, the DIP Agent and the DIP Lenders would establish, on a secured, super-priority priming lien basis, a debtor-in-possession revolving credit facility (the "DIP Credit Facility") having an aggregate $21,000,000 revolving loan commitment (with availability limited to $15,000,000 pending entry of a final financing order), and having a letter of credit subfacility thereunder, in favor of the Company, as borrower, and guaranteed on a joint and several, absolute, unconditional and irrevocable basis by each of the Affiliated Companies, and with all obligations thereunder to be secured by substantially all of the real and personal property of the Company and each of the Affiliated Companies, that the substance, terms and provisions thereof be, and the same hereby are, authorized and approved in the manner herein provided, in the case of any such DIP Credit Document to be executed and delivered by the Company, or, in the case of any other DIP Credit Document, in the manner duly provided by the board of directors or managing member, or other appropriate governing authority, of each respective Affiliated Company party thereto; and be it further

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized and empowered, in the name and on behalf of the

-4-

Company, to execute and deliver the DIP Credit Agreement, the DIP Guaranty, the DIP Security Agreement and each other DIP Credit Document to which the Company is to be party, in each case substantially in the most recent form (if any) made available to the Board of Directors prior to the adoption of these Resolutions, and with such changes thereto (or, in the case of any DIP Credit Document not so made available, with such DIP Credit Document to be in such form) as the Authorized Officer(s) so acting may approve as necessary or appropriate and with the taking of such action to be conclusive evidence of such approval; and be it further

RESOLVED, that the Company, as debtor and debtor in possession under the Bankruptcy Code, be, and hereby is, authorized and empowered to incur the obligations under the DIP Credit Documents to which the Company is to be party, and undertake any and all related transactions contemplated thereby (collectively, the "Financing Transactions"); and be it further

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized and empowered, in the name and on behalf of the Company, from time to time to take any and all such actions, and to execute and deliver or cause to be executed and delivered under seal of the Company or otherwise, any and all such other documents, agreements, certificates, writings and instruments to be delivered in connection with the DIP Credit Documents, and to grant the security interests in or liens on any real or personal property of the Company now owned or hereafter acquired as contemplated by the DIP Credit Documents, or to perfect any such lien, with full authority to indorse, assign or guarantee any of the foregoing in the name of the Company, in each case, as any such officer may approve as necessary or appropriate to carry out the intents and purposes of these Resolutions and with the taking of such action to be conclusive evidence of such approval; and be it further

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized and empowered to take all such further actions including, without limitation, to pay all fees and expenses, in accordance with the terms of the DIP Credit Documents, which shall in their sole judgment be necessary, proper or advisable to perform the Company's obligations under or in connection with the DIP Credit Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing Resolutions; and be it further

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized and empowered to execute and deliver any amendments, supplements, modifications, renewals, replacements,

consolidations, substitutions and extensions of the DIP Credit Documents which, in their sole judgment, shall be necessary, proper or advisable; and be it further

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers, acting singly, is individually authorized, empowered and directed, in the name of and on behalf of the Company, to take all such further actions and execute and deliver all such further documents and instruments as such Authorized Officer may approve as necessary or appropriate to carry out any of the foregoing Resolutions or the purposes and intents thereof, with the taking of any action or the execution and delivery of any document or instrument by that Authorized Officer to be conclusive evidence of that approval; and be it further

RESOLVED, that all acts, actions and transactions relating to the matters contemplated by the foregoing Resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing Resolutions except that such acts were taken before these Resolutions were adopted, are hereby in all respects ratified, confirmed and approved.

[The remainder of this page is intentionally blank.]

IN WITNESS WHEREOF, the undersigned has executed this Written Consent on the date set forth below.

Dated as of June 12, 2011.

_____
Joseph F. Trangale