# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> PERKINS & MARIE CALLENDER'S INC.,[1] et al., <br><br> Debtors. | Chapter 11 <br><br> Case No. 11-11795 (KG) <br><br> Jointly Administered <br><br> **Ref. Docket Nos. 117 and 174** |

## NOTICE TO ALL CREDITORS AND EQUITY INTEREST HOLDERS OF BAR DATES FOR FILING PROOFS OF CLAIM

On June 13, 2011 (the "Petition Date"), the above captioned debtors and debtors in possession (collectively, the "Debtors") filed voluntary petitions (collectively, the "Chapter 11 Cases") for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C §§ 101 *et seq*. (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the "Court").

On July 9, 2011, the Court entered an order in the Chapter 11 Cases [Docket No. 174] (the "Bar Date Order")[2] establishing certain claims bar dates in the Chapter 11 Cases. Pursuant to the Bar Date Order, the Court established **August 16, 2011 at 4:00 p.m. (prevailing Eastern Time)** as the general claims bar date (the "General Bar Date"). Except as described below, the Bar Date Order requires all persons or entities that have or assert any pre-petition claims (each, a "Claim") against the Debtors to file proofs of claim with Omni Management Group, LLC ("Omni"), the claims, noticing and balloting agent in these Chapter 11 Cases, so that their proofs of claim are actually received by Omni on or before 4:00 p.m. (prevailing Eastern Time) on the General Bar Date.

For your convenience, enclosed with this Notice is a proof of claim form, which identifies on its face the amount, nature and classification of your Claim(s), if any, listed in the Debtors' schedules of assets and liabilities filed in these chapter 11 cases (collectively, the "Schedules").

**THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS BELIEVE YOU HAVE A CLAIM.**

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Perkins & Marie Callender's Inc. (4388); Perkins & Marie Callender's Holding Inc. (3999); Perkins & Marie Callender's Realty LLC (N/A); Perkins Finance Corp. (0081); Wilshire Restaurant Group LLC (0938); PMCI Promotions LLC (7308); Marie Callender Pie Shops, Inc. (7414); Marie Callender Wholesalers, Inc. (1978); MACAL Investors, Inc. (4225); MCID, Inc. (2015); Wilshire Beverage, Inc. (5887); and FIV Corp. (3448). The mailing address for the Debtors is 6075 Poplar Avenue, Suite 800, Memphis, TN 38119.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Bar Date Order.

## KEY DEFINITIONS

As used in this Notice, the term "Entity" has the meaning given to it in section 101(15) of the Bankruptcy Code, and includes, but is not limited to, all persons (including, without limitation, individuals, partnerships and corporations), estates, trusts, and governmental units.

As used in this Notice, the term "Governmental Unit" has the meaning given to it in section 101(27) of the Bankruptcy Code and includes, without limitation, the United States; states; commonwealths; districts; territories; municipalities; foreign states; or departments, agencies or instrumentalities of the United States.

As used in this Notice, the term "Claim" shall mean, as to or against the Debtors and in accordance with section 101(5) of the Bankruptcy Code: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, legal, equitable, secured or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

## WHO MUST FILE A PROOF OF CLAIM AND THE APPLICABLE BAR DATES

*The Bar Dates*

The Bar Date Order established the following bar dates for filing proofs of claim in these Chapter 11 Cases (collectively, the "Bar Dates"):

(a) The General Bar Date: Pursuant to the Bar Date Order, all persons and entities (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts) that assert a Claim, including, without limitation, a Claim pursuant to section 503(b)(9) of the Bankruptcy Code (each, a "503(b)(9) Claim"), which arose on or prior to the Petition Date, are required to file proofs of such claim **by the General Bar Date**.

(b) The Government Bar Date: Pursuant to the Bar Date Order, the last date and time for filing proofs of claim by governmental units (as defined in section 101(27) of the Bankruptcy Code) against any of the Debtors is **December 12, 2011 at 4:00 p.m. (prevailing Eastern Time)** (the "Government Bar Date").

(c) The Amended Schedules Bar Date: If the Debtors amend or supplement their Schedules subsequent to the service of this Notice, the Debtors will give notice of any such amendment or supplement to the holders of Claims affected thereby, and such holders shall be afforded **the later of (i) the General Bar Date and (ii) twenty-one (21) days from the date on which such notice is given, to file Proofs of Claim in respect of their Claims** (the "Amended Schedules Bar Date").

2

(d) The Rejection Bar Date: Any person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts) whose Claim arises out of the Court-approved rejection of an executory contract or unexpired lease in accordance with section 365 of the Bankruptcy Code (a "Rejection Damage Claim") must file a proof of claim **by the later of (i) the General Bar Date or (ii) 4:00 p.m. (prevailing Eastern Time) on the date that is thirty (30) days following the entry of the order approving the rejection of the executory contract or unexpired lease pursuant to which the entity asserting the Rejection Damage Claim is a party** (the "Rejection Bar Date," and together with the General Bar Date, the Government Bar Date and the Amended Schedules Bar Date, the "Bar Dates").

### *Entities That Must File Proofs of Claim by the Applicable Bar Date*

Subject to the terms described above for holders of a Rejection Damage Claim, without limitation, all entities holding Claims (including, without limitation, 503(b)(9) Claims) against the Debtors that arose on or before the Petition Date, including, without limitation, the following entities, **must file** proofs of claim on or before the General Bar Date or, with respect to claims of governmental units, on or before the Government Bar Date:

(a) any entity whose prepetition claim against the Debtors is not listed in the Schedules or whose prepetition claim is listed in the Schedules but is listed therein as disputed, contingent or unliquidated and that desires to participate in these Chapter 11 Cases or share in any distribution under any confirmed chapter 11 plan in these Chapter 11 Cases; and

(b) any entity that believes that its prepetition claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount other than that identified in the Schedules.

### *Master Proof of Claim*

The indenture trustee for the Senior Secured Notes and the indenture trustee for the Senior Notes shall file a master proof of claim (each, a "Master Proof of Claim") on account of the repayment of principal, interest and other fees, costs, charges or expenses (each, a "Debt Claim") on account of or under the indentures for the Senior Secured Notes and the Senior Notes (together, the "Debt Instruments") on behalf of the holders of the Senior Secured Notes and the holders of the Senior Notes, respectively.

### *Entities Not Required to File Proofs of Claim by the Applicable Bar Date*

The Bar Date Order further provides that the following persons and entities need not file proofs of claim on or before the applicable Bar Date:

(a) any person or entity whose Claim is listed on the Schedules and (i) whose Claim is not described thereon as "disputed," "contingent," or "unliquidated," (ii) who does not dispute the amount or classification of the Claim set forth in the

3

Schedules, and (iii) who does not dispute that the Claim is an obligation of the specific Debtor against which the Claim is listed on the Schedules;

(b) any person or entity whose Claim has been paid in full by the Debtors;

(c) professionals retained by the Debtors or the Committee pursuant to orders of this Court which assert administrative claims for fees and expenses subject to this Court's approval pursuant to sections 328, 330, 331 and 503(b) of the Bankruptcy Code or 28 U.S.C § 156(c);

(d) current officers and directors of the Debtors which assert claims for indemnification and/or contribution arising as a result of such officers' or directors' prepetition or postpetition services to the Debtors;

(e) any person or entity holding a claim payable to the Court or the United States Trustee Program pursuant to 28 U.S.C. § 1930;

(f) any person or entity that holds an interest in the Debtors, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants or rights to purchase, sell or subscribe to such a security or interest; provided, however, that interest holders that wish to assert Claims (as opposed to ownership interests) against the Debtors that arise out of or relate to the ownership or purchase of an interest, including Claims arising out of or relating to the sale, issuance, or distribution of the interest, must file Proofs of Claim on or before the applicable Bar Date, unless another exception identified herein applies;

(g) any holder of a Claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense (other than a holder of a 503(b)(9) Claim);

(h) any person or entity that holds a Claim that has been allowed by an order of this Court entered on or before the applicable Bar Date;

(i) any holder of a Claim for which a separate deadline for filing a Proof of Claim is fixed by an order of this Court;

(j) any Debtor in these Chapter 11 Cases having a Claim against another Debtor;

(k) any of the following entities having a Claim against a Debtor: Pie Shop No. 9; Marie Callender's #48, a California Limited Partnership; Marie Callender's #50, a California Limited Partnership; Marie Callender Pie Shop No. 59; Marie Callender's #61; Marie Callender's #62, a California Limited Partnership; Marie Callender's #66; Marie Callender's #73, a California Limited Partnership; Marie Callender of Simi Valley; MCTexas Limited Partnership; Marie Callender's #71, a California Limited Partnership; and Marie Callender's #97, a California Limited Partnership (each, a "PRKMC Partnership Entity"); provided, however, that any non-Debtor person or entity that has a membership interest, partnership interest,

4

(k) or other ownership interest in a PRKMC Partnership Entity that wishes to assert a Claim against a Debtor that arises out of, or relates to, such interest must file a Proof of Claim on or before the applicable Bar Date;

(l) any holder of a Claim who has already properly filed a Proof of Claim with Omni or the Clerk of the United States Bankruptcy Court for the District of Delaware on account of such Claim, utilizing a Claim form which substantially conforms to the Proof of Claim Form or Official Form 10;

(m) any person or entity who holds a Debt Claim on account of or under the Debt Instruments; provided, however, that any holder of a Debt Claim wishing to assert (i) a Claim arising out of or relating to a Debt Instrument other than a Debt Claim or (ii) any Claim other than a Debt Claim, shall be required to file a Proof of Claim with respect to such Claim on or before the applicable Bar Date, unless another exception identified herein applies; and

(n) any person or entity holding a Claim for principal, interest and other fees and expenses on or under the Debtors' pre-petition credit agreement or any debtor in possession financing facility.

## CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM

Any person, entity or governmental unit that is required to file a proof of claim, but fails to do so by the applicable Bar Date and in the form and manner provided for in the Bar Date Order shall be forever barred, estopped, and enjoined from asserting such Claim against the Debtors (or filing a Proof of Claim with respect thereto), and the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to such Claim. Moreover, the holder of such Claim shall not be permitted to vote to accept or reject any plan filed in these Chapter 11 Cases, participate in any distribution in these Chapter 11 Cases on account of such Claim, or receive further notices regarding such Claim.

**If it is unclear from the Schedules whether your Claim is disputed, contingent and/or unliquidated or is otherwise properly listed and classified therein, you must file a Proof of Claim on or before the applicable Bar Date.** Any person, entity or governmental unit that relies on the information in the Schedules bears full and absolute responsibility for determining that its Claim is accurately listed therein.

## RESERVATION OF RIGHTS

The Debtors reserve the right to dispute, or to assert offsets or defenses to, any Claim reflected in the Schedules or to object to any Claim or Proof of Claim filed in the Chapter 11 Cases, as to amount, liability, characterization or otherwise, and to subsequently designate any claim as disputed, contingent or unliquidated on the Schedules or otherwise. Nothing contained in this Notice shall preclude the Debtors from objecting to any Claim, whether scheduled or filed or unfiled, on any grounds.

## **PROCEDURES FOR FILING PROOFS OF CLAIM**

Except as otherwise provided herein, Proofs of Claim must be filed so as to be **actually received** no later than 4:00 p.m. (prevailing Eastern Time) on the applicable Bar Date, at the following address:

> Perkins & Marie Callender's Claims Processing
> c/o Omni Management Group, LLC
> 16161 Ventura Blvd., Suite C
> PMB 446
> Encino, CA 91436

A Proof of Claim will be deemed timely only if the original Proof of Claim is mailed or delivered by hand, courier or overnight service so as to be **actually received** by Omni on or before the applicable Bar Date. Proofs of Claim may not be sent by facsimile, telecopy, electronic mail or other form of electronic transmission. A claimant who wishes to receive acknowledgement of receipt of its Proof of Claim may submit a copy of the Proof of Claim and a self-addressed, stamped envelope to Omni along with the original Proof of Claim.

If you file a Proof of Claim, your Proof of Claim must: (a) be written in the English language; (b) be denominated in lawful currency of the United States as of June 13, 2011; (c) conform substantially to the enclosed proof of claim form or Official Bankruptcy Form No. 10 ("Official Form 10")[3]; (d) specify the Debtor against which the Proof of Claim is filed; (e) set forth with specificity the legal and factual basis for the alleged Claim; (f) include supporting documentation (or, if such documentation is voluminous, a summary of such documentation) or an explanation as to why such documentation is not available; and (g) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant. If any person, entity or governmental unit asserts a Claim against more than one Debtor, the claimant must file a separate Proof of Claim against each Debtor, and each Proof of Claim must specify the name and case number of the Debtor against which the Claim is being asserted.

## **ADDITIONAL INFORMATION**

You may be listed as the holder of a Claim against the Debtors in the Schedules. If you hold or assert a Claim that is not listed in the Schedules, or if you disagree with the amount, characterization or priority of your claim as listed in the Schedules, or your Claim is listed in the Schedules as "contingent," "unliquidated," or "disputed," you **must** file a Proof of Claim. Copies of the Schedules and the Bar Date Order are available for inspection during regular business hours at the Office of the Clerk of the United States Bankruptcy Court for the District of Delaware, 3rd Floor, 824 N. Market Street, Wilmington, DE 19801. In addition, copies of the Schedules and the Bar Date Order may be viewed on the internet for a fee at the Court's website (http://www.deb.uscourts.gov/) by following directions for accessing the Court's electronic filing system on such website, or free of charge on Omni's website for these Chapter

---

[3] Official Form 10 can be found at www.uscourts.gov/bkforms/index.html, the Official Website for the United States Bankruptcy Courts.

6

YCST01:11209257.4                                           070242.1001

11 Cases (http://www.PRKMCRestructuring.com).

      Questions concerning the contents of this Notice and requests for Proofs of Claim should be directed to Omni at (866) 989-6148 between the hours of 9:00 a.m. and 5:00 p.m. (prevailing Eastern Time), Monday through Friday. **Please note that Omni's staff is not permitted to give legal advice. You should consult with your own attorney for assistance regarding any other inquiries, such as questions concerning the completion or filing of a Proof of Claim.**

Dated: July 12, 2011      YOUNG CONAWAY STARGATT & TAYLOR, LLP
      Wilmington, DE

                                         By: */s/ Robert F. Poppiti, Jr.*
                                             Robert S. Brady (No. 2847)
                                             Robert F. Poppiti, Jr. (No. 5052)
                                             The Brandywine Building
                                             1000 West Street, 17th Floor
                                             Wilmington, DE 19801
                                             Telephone: (302) 571-6600
                                             Facsimile: (302) 571-1253

                                       - AND –

                                       TROUTMAN SANDERS LLP
                                           Mitchel H. Perkiel
                                           Brett D. Goodman
                                           The Chrysler Building
                                           405 Lexington Avenue
                                           New York, NY 10174
                                           Telephone: (212) 704-6000
                                           Facsimile: (212) 704-6288

                                     COUNSEL FOR PERKINS & MARIE CALLENDER'S
                                     INC., ET AL., Debtors and Debtors-in-Possession