Form 210A (10/06)

# United States Bankruptcy Court
# District of Delaware

**In re:** Marie Callender Pie Shops, Inc.,
**Case No.** 11-11801, (Jointly Administered Under Case No 11-11795)

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or **deemed filed** under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to **Rule 3001(e)(2)**, Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

Name of Transferee:
**Fair Harbor Capital, LLC**
**As assignee of Tulsa World**

Name of Transferor:
**Tulsa World**

Name and Address where notices to transferee should be sent:

**Fair Harbor Capital, LLC**
**Ansonia Finance Station**
**PO Box 237037**
**New York, NY 10023**

Court Claim # (if known): tbd
Amount of Claim: $4,104.12
Date Claim Filed:

Name and Address of Transferor:

Tulsa World
PO Box 1770
Tulsa, OK 74102-1770

Phone: 212 967 4035
Last Four Digits of Acct # _n/a_

Phone:
Last Four Digits of Acct. #: _n/a_

Name and Address where transferee payments should be sent (if different from above):

Phone: _n/a_
Last Four Digits of Acct #: _n/a_

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _/s/Fredric Glass_ Date: _July 26, 2011_
Transferee/Transferee's Agent
Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

# United States Bankruptcy Court
## District of Delaware

In re:     **Marie Callender Pie Shops, Inc.,**
Case No.    **11-11801, (Jointly Administered Under Case No 11-11795)**

### NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

**Claim No. tbd (if known)**
was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of claim, the transferee filed a Transfer of Claim Other than for Security in the clerk's office of this court on July 26, 2011.

Name of Transferee:
**Fair Harbor Capital, LLC**
**As assignee of Tulsa World**

Name of Alleged Transferor:
**Tulsa World**

Fair Harbor Capital, LLC
Ansonia Finance Station
PO Box 237037
New York, NY 10023

Name and Address of Alleged Transferor:

Tulsa World
PO Box 1770
Tulsa, OK 74102-1770

```
~DEADLINE TO OBJECT TO TRANSFER~
```

The transferor of claim named above is advised the this Notice of Transfer of Claim Other than for Security has been filed in the clerk's office of this court as evidence of the transfer. Objection must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date:_____

                                                                        Clerk of the Court

United States Bankruptcy Court, District of Delaware
---------------------------------------------------X
In re:                                             :   Chapter 11
MARIE CALLENDER PIE SHOPS, INC.,                   :   Case No. 11-11801
                    Debtor.                        :   Amount
---------------------------------------------------X
                                                       (Jointly Administered Under Case No. 11-11795)

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY AND WAIVER OF NOTICE
### Bankruptcy Rule 3000(e)

PLEASE TAKE NOTICE that the scheduled claim of **TULSA WORLD** ("Transferor") against the Debtor(s) in the amount of **$2,808.84**, as listed within Schedule F of the Schedule of Assets and Liabilities filed by the Debtor(s), and all claims (including without limitation the Proof of Claim, if any, identified below and Transferor's rights to receive all interest, penalties, cure payments that it may be entitled to receive on account of the assumption of any executory contract or lease related to the Claim and fees, if any, which may be paid with respect to the Claim and all other claims, causes of action against the Debtor, its affiliates, any guarantor or other third party, together with voting and other rights and benefits arising from, under or relating to any of the foregoing, and all cash, securities, instruments and other property which may be paid or issued by Debtor in satisfaction of the Claim) of Transferor have been transferred and assigned other than for security to Fair Harbor Capital, LLC ("Transferee") in consideration of the sum of: _____ (signature of the Transferee on this TRANSFER OF CLAIM OTHER THAN FOR SECURITY AND WAIVER OF NOTICE is evidence of the Transfer of the claims and all rights and benefits of Transferor relating to the Claim. The Claim is based on amounts owed to Transferor by Debtor and this transfer shall be deemed an absolute and unconditional transfer of the Claim for the purpose of collection and shall not be deemed to create a security interest. Please note that Fair Harbor Capital, LLC is not obligated to file any application, motion, Proof of Claim or other document with the Bankruptcy Court with regard to your claim.

I, the undersigned Transferor of the above-described claims, hereby assign and transfer my claims and all rights there under to the Transferee upon terms as set forth in cover letter received. I represent and warrant that the claim is not less than $2,808.84 and has not been previously objected to, sold, or satisfied. Upon notification by Transferee, I agree to reimburse Transferee a pro-rata portion of the purchase price if the claim is reduced, objected to, or disallowed in whole or part by the Debtor, the Court, or any other party and Transferor represents and warrants that there are no offsets or defenses or preferential payments that have been or may be asserted by or on behalf of Debtor or any other party to reduce the amount of the Claim or to impair its value. If Transferor fails to negotiate the distribution check on or before ninety (90) days after issuance of such check, then Transferee shall void the distribution check, the amount of cash attributable to such check shall be deposited in Transferee's bank account, and Transferor shall be automatically deemed to have waived its Claim.

A Proof of Claim Has/Has not (strike one) in the amount of $ 4(?) been duly and timely filed in the Proceedings (and a true copy of such Proof of Claim is attached to this Assignment). If the Proof of Claim amount differs from the Claim amount set forth above, Transferee shall nevertheless be deemed the owner of that Proof of Claim subject to the terms of this Agreement and shall be entitled to identify itself as owner of such Proof of Claim on the records of the Court.

In the event the Claim is ultimately allowed in an amount in excess of the amount purchased herein, Transferor is hereby deemed to sell to Transferee, and, at Transferee's option only, Transferee hereby agrees to purchase, the balance of said Claim at the same percentage of claim paid herein not to exceed twice the Claim amount specified above. Transferee shall remit such payment to Transferor upon Transferee's satisfaction that the Claim has been allowed in the higher amount and is not subject to any objection by the Debtor.

I, the undersigned Transferor hereby authorize Transferee to file a notice of transfer pursuant to Rule 3001 (e) of the Federal Rules of Bankruptcy Procedure ("FRBP"), with respect to the Claim, while Transferee performs its due diligence on the Claim. Transferee, at its sole option, may subsequently transfer the Claim back to Transferor if due diligence is not satisfactory, in Transferee's sole and absolute discretion pursuant to Rule 3001 (e) of the FRBP. In the event Transferee transfers the Claim back to Transferor or withdraws the transfer, at such time both Transferor and Transferee release each other of all and any obligation or liability regarding this Assignment of Claim. Transferor hereby acknowledges and consents to all of the terms set forth in this Transfer of Claim and hereby waives (i) its right to raise any objection hereto, and (ii) its right to receive notice pursuant to Rule 3001 (e) of the FRBP. Transferor hereby acknowledges that Transferee may at any time reassign the Claim, together with all right, title and interest of Transferee in and to this Transfer of Claim. All representation and warranties made herein shall survive the execution and delivery of this Transfer of Claim and any such re-assignment.

Other than stated above, Transferee assumes all risks associated with debtor's ability to distribute funds. Transferor agrees to deliver to Fair Harbor Capital, LLC any correspondence or payments received subsequent to the date Transferee signs this agreement. The clerk of the court is authorized to change the address regarding the claim of the Transferor to that of the Transferee listed below.

This Transfer of Claim shall be governed by and construed in accordance with the laws of the State of New York. Any action arising under or relating to this Assignment of Claim may be brought in any State or Federal court located in the State of New York, and Transferor consents to and confers personal jurisdiction over Transferor by such court or courts and agrees that service of process may be upon Transferor by mailing a copy of said process to Transferor at the address set forth in this Assignment of Claim, and in any action hereunder Transferor waives the right to demand a trial by jury. Transferor acknowledges that, in the event that the Debtor's bankruptcy case is dismissed or converted to a case under Chapter 7 of the Bankruptcy Code and Transferee has paid for the Claim, Transferor shall immediately remit to Transferee all monies paid by Transferee in regard to the Claim and ownership of the Claim shall revert back to Transferor.

| TRANSFEROR: | TRANSFEREE: |
|---|---|
| TULSA WORLD | Fair Harbor Capital, LLC |
| P. O. BOX 1770 | 1841 Broadway, 10th Fl, NY, NY 10023 |
| TULSA, OK 74102-1770 | |
| Print Name: Newt Collins  Title: Credit Manager | Signature: |
| Signature: Newt Collins  Date: 7/25/11 | Fred Glass, Member Fair Harbor Capital, LLC |
| Updated Address (If Changed): | Victor King |
| Phone: _____  Fax: _____ | |

07/25/11 MON 14:08 FAX 918 581 8431  TULSA WORLD ACCTG    ☒006

| UNITED STATES BANKRUPTCY COURT DISTRICT OF DELAWARE | PROOF OF CLAIM |
|---|---|

Name of Debtor: **Marie Callender Pie Shops, Inc.**   Case Number: **11-11801**

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):
TULSA WORLD

Name and address where notices should be sent:
TEL: (918) 581-8549
NID-943-1-MSTR-79260    08205
TULSA WORLD
P.O. BOX 1770
TULSA, OK 74102-1770

Your claim is scheduled as follows:
Schedule: F (UNSECURED)
Nature of Claim: Trade Payable
Claim Amount: ~~$2,996.94~~
**#4104.12**

☐ Check box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____ (If known)
Filed On: __/__/__

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach a copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Name and address where payment should be sent (if different from above):
Name:
Address 1:
Address 2:
Address 3:
Address 4:
Address 5:

Carefully read instructions included with this Proof of Claim before completing. In order to have your claim considered for payment and/or voting purposes, complete ALL applicable questions. The original of this Proof of Claim must be: mailed, by first class delivery or overnight delivery, or by courier, to the Debtor's Claims Agent, Omni Management Group, LLC, 16161 Ventura Boulevard, Ste C, PMB 440, Encino, CA 91436 all so as to be received by no later than August 16, 2011 at 4:00 pm prevailing Eastern Time, or, for all Governmental Units, so as to be received by no later than December 12, 2011 at 4:00 pm prevailing Eastern Time. A proof of claim will be deemed timely only if the original proof of claim is mailed or delivered by hand, courier or overnight delivery so as to be actually received by Omni on or before the applicable Bar Date. Proofs of Claim may not be sent by facsimile, telecopy or electronic mail transmission. A claimant who wishes to receive acknowledgement of receipt of its proof of claim form may submit a copy of the proof of claim form and a self-addressed, stamped envelope to Omni along with the original proof of claim form.

1. Amount of Claim as of Date Case Filed: $ **4104.12**
If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4. If all or part of your claim is entitled to priority, complete item 5.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or charges.

2. Basis for Claim: **ADVERTISING**

3. Last four digits of any number by which creditor identifies debtor: _____
3a. Debtor may have scheduled account as: _____

4. Secured Claim. (See instruction #4 on reverse side.)
☐ Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:
Value of Property: $_____   Annual Interest Rate: __%
Amount of arrearage and other charges as of time case filed included in secured claim, if any: $_____
Basis for perfection:
Amount Secured: $_____   Amount Unsecured: $_____

6. Section 503(b)(9) Claim Amount: $_____  (See instruction #6 on reverse side)
☐ Check this box if your claim is for the value of goods received by the debtor 20 days before the date of commencement of this case (11 U.S.C. §503(b)(9)).

5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.
Specify the priority of the claim:
☐ Domestic support obligations under - 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries, or commissions (up to $11,725*), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a) ( ).
Amount entitled to priority: $_____

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

7. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 8 and definition of "redacted" on reverse side.)
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

THIS SPACE IS FOR COURT USE ONLY

Date: **07/18/2011**
Signature: *Newt Collins*
Printed Name: **NEWT COLLINS**
Title: **CREDIT MGR**

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

8205

B6F (Official Form 6F) (12/07) - Cont.

MARIE CALLENDER PIE SHOPS, INC.
Debtor

11-11801
Case No. (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HWJC | DATE CLAIM WAS INCURRED, AND CONSIDERATION FOR CLAIM. IF CLAIM SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>TULSA WORLD<br>P. O. BOX 1770<br>TULSA, OK 74102-1770 | | | TRADE PAYABLE | | | | $2,808.84 |
| ACCOUNT NO.<br>TURNER TAP CLEANING<br>2020 BRIDGEPORT WAY W.<br>UNIVERSITY PLACE, WA 98486 | | | TRADE PAYABLE | | | | $77.00 |
| ACCOUNT NO.<br>TURNER, BRANDON<br>2052 E CHARLESTON LN<br>PHOENIX, AZ 85022 | | | WORKERS COMPENSATION | X | X | X | $0.00 |
| ACCOUNT NO.<br>TXU ENERGY/650638<br>P.O. BOX 650636<br>DALLAS, TX 75265-0638 | | | UTILITY PROVIDER | | X | | $0.00 |
| ACCOUNT NO.<br>U.S. ALLOYS CO<br>P.O. BOX 5468<br>WALNUT CREEK, CA 94596-1468 | | | TRADE PAYABLE | | | | $184.34 |
| ACCOUNT NO.<br>U.S. FOODSERVICE-LAS VEGAS<br>P.O. BOX 3911<br>LAS VEGAS, NV 89127 | | | TRADE PAYABLE | | | | $13,158.93 |
| ACCOUNT NO.<br>U.S. VENT CLEANING LLC<br>16827 N. 39TH DRIVE<br>PHOENIX, AZ 85053 | | | TRADE PAYABLE | | | | $350.00 |
| ACCOUNT NO.<br>UCHIZONO, STAN<br>9171 SANTIAGO DR.<br>HUNTINGTON BEACH, CA 92646 | | | PARTNERSHIP AGREEMENT | X | X | | $0.00 |

Subtotal
(Total of this page) $16,579.11